{¶ 56} I would overrule Cross-Appellant American Home Insurance Company's ("American Home") third assignment of error, but on grounds different from those on which Judge Young relies.
 {¶ 57} American Home argues that the automobile liability insurance policy it issued is exempt from the requirements of R.C. 3927.18 because it is merely a "fronting policy"; that is, one that transfers the cost of the risk back to the insured through a form of hold harmless agreement. The purpose of that scheme is to permit an insured to satisfy the proof of financial responsibility requirements imposed by R.C.4509.101, et. seq., by obtaining a certificate of insurance, which R.C.4509.45(B) establishes as a form of the proof required. Because the policy is merely a mechanism of convenience adopted to satisfy those proof of financial responsibility requirements, and not one in which the insurer actually bears the risk of loss, American Home asks us to hold that its policy is not a form of automobile liability insurance policy to which R.C. 3937.18 applies.
 {¶ 58} Judge Young rejects American Home's contention on a finding that the insured risk is not transferred in this instance because the terms of its agreement with the insured do not wholly relieve American Home of the cost of the risk it assumed in the fronting policy. That may be true, but in my view the question of whether the insurer has transferred some or even all of the risk back to the insured is not determinative of the issue presented. On that logic, when an insurer transfers the risk of a third party through a contract of reinsurance, the insurer might likewise escape the mandates of R.C. 3937.18.
 {¶ 59} The mechanism that the General Assembly adopted to trigger the requirements of R.C. 3937.18 are those identified in paragraph (A) of that section; delivery or issuance for delivery of a policy of motor vehicle liability insurance with respect to a motor vehicle registered or principally garaged in Ohio. That can be done only by an insurer licensed by the commissioner of insurance to engage in that form of business. So long as the policy by its terms imposes a duty of coverage on the insurer, the existence of which is the foundation of the proof of financial responsibility for which the fronting policy scheme was adopted, the policy remains within the coverage of R.C. 3937.18. It would be counterintuitive to exempt the policy from the requirements the General Assembly imposed in that section while permitting the policy to satisfy the requirements the General Assembly also imposed in the proof of financial responsibility laws.
 {¶ 60} In 2000, the General Assembly enacted S.B. 97, which amended R.C. 3937.18(A). As amended, that section no longer requires an insurer to offer uninsured and underinsured motorist coverage. Effective October 31, 2001, the insurer, "may, but is not required" to offer the coverage. Id. In the uncodified legislation identifying its purpose the General Assembly explained that the purpose of the modification is to "[e]liminate any requirement of the mandatory offer of uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverage." Id.
 {¶ 61} This amendment of R.C. 3937.18 resolves an insurer's dilemma with respect to the need to offer uninsured or underinsured motorist coverage in a fronting policy. However, it does not exempt fronting policies from the coverage of R.C. 3937.18, such as it now is. If the General Assembly intended to accomplish that result, either through S.B. 97 or its many prior amendments of R.C. 3937.18, presumably the General Assembly would have said so. The General Assembly enacted no provision excluding fronting policies from R.C. 3937.18. A positive intent cannot be inferred from legislative silence. Neither should the courts engraft the exception that American Home asks us to apply onto the test of R.C. 3937.18, for that is a policy choice that must be made by the General Assembly, not the courts.
 {¶ 62} I would overrule the third cross-assignment of error for the foregoing reasons.